## Levy v. Teamsters' Trust Fund of Philadelphia and Vicinity

*Paul Auerbach,* for plaintiff.
*James D. Crawford,* for defendant.

PRATTIS, *J.,* January 30, 1980—Plaintiff Santo Levy's motion for partial summary judgment is presently before the court.

The record of this case indicates that plaintiff

took judgment by default on August 12, 1976. This judgment was subsequently opened by order of the court on February 28, 1977. Plaintiff appealed. The Superior Court of Pennsylvania affirmed the order of the lower court. Thereafter, the Supreme Court of Pennsylvania denied plaintiff's petition for leave to appeal.

On October 18, 1978 plaintiff filed a motion for summary judgment which was denied by order of this court on January 26, 1979. Plaintiff now comes before the court on his motion for partial summary judgment requesting the same relief that he sought in the prior motion. While this motion does not substantially differ from the previous motion for summary judgment, the record is expanded. The record now contains interrogatories and answers which were not a part of the record in January of 1979. We conclude; therefore, that plaintiff has resubmitted his motion with the additional evidence in an effort to resolve the remaining question of fact which was fatal to his original motion, i.e., whether plaintiff has amassed the required number of years of credited service to qualify for pension benefits from the Fund. Upon consideration of the entire record, we conclude that he has not amassed the requisite continuous service, as defined by the Pension Trust Plan and, therefore, he is not entitled to pension benefits.

In order for plaintiff to qualify for pension benefits, he must meet the criteria set forth in Article II, Sections A(c) and B(c) of the Pension Trust Plan ("Plan"). Under these sections, plaintiff must have been an employe:

"1. who has reached his 57th birthday; and

2. who has completed 20 years of Continuous Service as defined in Article I, Section Q, or who

has completed 10 years of such Continuous Service; and

    3. who has completed 5 years of Employment as defined in Article I, Section S(b) and

    4. who has completed 5 years of Continuous Service under a Collective Bargaining Agreement; and

    5. who has had at least 875 Covered Days of contributions paid into the Trust Fund by a Covered Employer on his behalf. . . ."

All parties agree that the only provision in dispute is number two above. Plaintiff contends that he has amassed "ten calendar years" of continuous service, without a break in service, from 1965 to 1975. He maintains that he has met all the requirements and is entitled to pension benefits. Defendant counters that while plaintiff was employed for a ten year period, without a break in service, he has accrued only six and one-half years of credited continuous service. Defendant maintains that this service is insufficient to qualify for pension benefits.

In order to decide this dispute, reference must be made to the relevant portions of the Plan which are in Article I, Sections L, M, N, O, Q, and S, which provide:

*"Section L. Covered Employment:*

The term Covered Employment shall mean any Employment in a capacity for which Employer Contributions *are payable* to the Trust Fund in accordance with a Pension Agreement. (Emphasis added.)

*Section M. Employer Contributions on Account of an Employee:*

The term Employer Contributions on Account of an Employee shall mean the Employer Contribu-

tions made with reference to the Employee's Covered Employment.

*Section N. Covered Day:*

The term Covered Day shall mean a day of Employment of an Employee with respect to which an Employer Contribution *is paid* on his account into the Trust Fund. (Emphasis added.)

*Section O. Continuous Covered Employment:*

The term Continuous Covered Employment shall mean *the period expressed in completed years and completed half years* thereof counted from the latter of—

(i) the Employee's first Covered Day or

(ii) the Employee's most recent Break in Service. (Emphasis added.)

*Section Q. Continuous Service:*

The term Continuous Service shall mean the sum of Continuous Past Employment and Continuous Covered Employment, both counted from the most recent Break in Service.

*Section S. Year of Employment:*

Year of Employment shall mean—

(a) A calendar year prior to the period of Covered Employment in which an employee had at least 1,000 hours Covered Employment or 25 weeks in the Armed Forces of the United States or the Dominion of Canada. If an Employee has less than 1,000 hours of Employment but at least 500 hours of Covered Employment or if he has less than 25 weeks in the Armed Forces of the United States or the Dominion of Canada but at least 18 such weeks, he shall be given credit for one-half of a year of employment during any such calendar year.

(b) A calendar year subsequent to the period of Covered Employment in which contributions for a period of at least 175 Covered Days have been paid

to the Trust Fund by the Covered Employer on behalf of the Employee. Credit shall be given for onehalf of a year of Employment during any calendar year in which contributions for a period of at least 100 Covered Days but less than 175 Covered Days have been paid to the Trust Fund by the Covered Employer on behalf of the Employee."

Plaintiff admits that he is not entitled to any credit for "continuous past employment." As noted, supra, there has been no "break in service" during the relevant period of time. Therefore, the dispute rests on the interpretation of "continuous covered employment." This term is specifically explained in Article I, Section O of the Plan. Reference to Section O reveals the use of the terms "completed years and completed half years." Section N defines "covered day" with reference to "a day . . . with respect to which an Employer Contribution is paid" into the Trust Fund. *Accordingly, where an employe has had no break in service and no continuous past employment, the employe's entitlement to pension benefits accrues in completed years and completed half years measured by his employer's paid-in-contributions on the employe's account into the Trust Fund.*

In order to compute completed years and completed half years, reference must be made to the definition of year of employment in Article I, Section S. This is the only provision of the Plan which sets forth the computation formula for "years and half years."[1]

---

1. It is significant to note that this formula, as used in the Plan, is also explained in a published Benefit Plan Booklet, dated April 1, 1968. In answers to plaintiff's interrogatories, defendant has set forth the relevant portions of that booklet. Questions and answers numbered 23 and 25 read:

"Q-23. What is Continuous Covered Employment?

A-23. Continuous Covered Employment is your period of

In the case at bar, plaintiff was in covered employment, without a break in service between January 1, 1965 and the date he filed an application for a pension on November 25, 1975. However, during that period the contributions from his employers, calculated in years and half years, resulted in years of credited service as follows:

| 1965 | one half year |
| 1966 | a full year |
| 1967 | a full year |
| 1968 | a full year |
| 1969 | 0 |
| 1970 | one half year |
| 1971 | a full year |
| 1972 | a full year |
| 1973 | one half year |
| 1974 | 0 |

Six and one-half years of continuous service

In support of his position, plaintiff argues that the phrase "ten years of such Continuous service" should be interpreted without reference to Article I, Section S because it is "inherently illogical."[2] He

---

service, in years and half-years, during which an employer contributes to the Pension Fund on your account . . .

Q-25. How is a year of Covered Employment figured?

A-25. You will receive one year's credit for each calendar year in which an employer contributes for at least 175 days on your behalf. You will receive ½ year's credit for each calendar year in which an employer contributes at least 100 days but less than 175 days. You will receive no credit for any calendar year in which contributions on your behalf are made for less than 100 days . . ."

2. It is significant to note that Section S specifically provides a formula for computation of credited service with reference to "a calendar year"; hence plaintiff's interpretation is feasible only if this section is to be disregarded in its entirety.

contends that subsection (a) of Section S does not make sense because it refers to "covered employment" and there can be no employer contributions during a period of past employment as per Article I, Sections P[3] and L.

Plaintiff's interpretation cannot withstand close scrutiny. Article I, Section L, supra, defines "covered employment" as employment in a capacity for which employer contributions *are payable* into the fund. Clearly, this provision does not require that such contributions were actually paid. *Rather, it appears that this section requires that an employe have worked in a capacity as a member of the union bargaining unit and not as supervisory or management personnel.* Further, the specific reference in Section P to "years and half-years" requires cross reference to Section S(a). Subsection (a) of Section S speaks in terms of covered employment and requires 1000 hours of

---

3. Article I, Section P provides:

*"Section P. Past Employment:*

The term past employment shall mean the following periods of employment, expressed in years and half years, preceding an employee's first covered day:

(1) Employment in the industry as defined in a collective bargaining Agreement calculated from the employee's last employment or re-employment date following the last break in service, or

(2) Employment by the Union as herein provided calculated from the employee's last employment or re-employment date following the last break in service, or

(3) Military absence for service in the Armed Forces of the United States or the Dominion of Canada provided the employee returned to active employment with a covered employer within the period established by law or within such longer period as may be established by the trustees.

As used herein, the phrase 'a Collective Bargaining Agreement' shall mean a trade agreement to which any Union as defined in Section 'E' is a party."

employment, in a capacity for which employer contributions are payable, in order to accrue one year of credited service.

Plaintiff also argues that subsection (b) of Section S also refers to "covered employment," but the phrase "completed years and completed half-years" as used in Article I, Section O, does not refer one to Article I, Section (b) to determine the meaning of this phrase. As noted, supra, interpretation of "years and half-years" requires reference to Section S. Subsection (b) of Section S specifies that employer contributions must have been paid into the fund for at least 175 days for one year of credited service, or for at least 100 days for one half year of credited service. The plan uses various terms as terms of art and those terms are carefully defined within the plan. Plaintiff has amassed only six and one-half years of credited service between the years 1965 and 1975 and is therefore ineligible for pension benefits under the clear and precise terms of the plan.

Finally, it is noted that plaintiff does not suggest or claim that denial of pension benefits, as to himself, was accomplished in a capricious or arbitrary manner. Nor does he claim that the decision of the Trustees was fraudulent. The record does not indicate that the trustees' interpretation of benefit eligibility requirements was unreasonable. Accordingly, we find no grounds on which to overturn the decision of the trustees that denied plaintiff pension benefits.

## ORDER

And now, January 30, 1980, upon consideration of plaintiff's motion for partial summary judgment and for the reasons set forth in the accompanying

opinion, it is hereby adjudged, ordered and decreed that said motion is denied with prejudice.